IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KELLY ABSHER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC, and MCLEMORE ) | Jury Trial Demanded |
| & EDINGTON, PLLC ) | |
| Defendants. ) | |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and 15 U.S.C. § 1692k(d).

2. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") by Defendants in their illegal efforts to collect consumer debts.

3. Venue is proper in this District because the acts and transactions occurred here.

### PARTIES

4. Plaintiff Kelly Absher (hereinafter referred to as "Plaintiff") is a natural person who resides in Knox County, Tennessee and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Portfolio Recovery Associates, LLC (hereinafter "Defendant Portfolio") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a for-profit corporation, that maintains National Registered Agents, Inc., 2300 Hillsboro Road, Ste. 305, Nashville, TN 37212-4927, as its registered agent for service of process.

6. Defendant McLemore and Edington, PLLC (hereinafter "Defendant McLemore") is a "debt

1

collector" as defined by 15 U.S.C. § 1692a(6), and a professional limited liability company, that maintains Paul E. McLemore, 9051 Executive Park Dr., Ste. 500, Knoxville, TN 37923-4632, as its registered agent for service of process.

## FACTUAL ALLEGATIONS

7. Defendants have alleged Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a credit card debt allegedly originally owed to or serviced by U.S. Bank National Association, N.D. (hereinafter "U.S. Bank").

8. After default, Defendant Portfolio purchased the debt for purposes of collection from Plaintiff.

9. Defendant Portfolio is engaged in the business of purchasing defaulted consumer debts and attempting to collect them by credit reporting and collection lawsuits.

10. Defendant Portfolio is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another and attempts to collect them from consumers by making telephone calls and sending collection letters.

11. Defendant Portfolio hired Defendant McLemore to collect the debt from Plaintiff.

12. Defendant McLemore is regularly engaged in collection of consumer debts owed or due or asserted to be owed or due another.

*Attempting To Collect Interest and/or Fees Waived By Original Creditor*

13. On or about March 12, 2013, Defendant Portfolio Recovery, through Defendant McLemore, filed a Civil Summons and Sworn Affidavit against Plaintiff in state court

2

(collectively the "collection lawsuit"). C*opy of March 12, 2013 collection lawsuit filed as Exhibit 1 to this Complaint.*

14. The Civil Summons and Sworn Affidavit were served on Plaintiff in connection with collection of a debt and in an attempt to collect a debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. The Civil Summons stated that Defendant Portfolio Recovery was seeking to collect: $5805.56… *See Ex.1, p. 1.*

16. The Sworn Affidavit was dated January 28, 2013 and stated that " . . . there was due and payable from **KELLY ABSHER** [] to the Account Seller the sum of **$5805.56** with the respect to account number **ending in 4405** as of the date of **9/1/2010** with there being no known un-credited payments, counterclaims, or offsets against the debt as of the sale. *See Ex. 1, p. 3. ¶4 (bold in original).*

17. The Sworn Affidavit further stated that "…Account Assignee claims the sum of **$5,805.56** as due and owing as of the date of this affidavit. *See Ex. 1, p. 3. ¶5 (bold in original).*

18. Under federal banking regulations, a credit card debt must be charged off when it is 180 days overdue (it may be charged off earlier). Federal Financial Institutions Examination Council, Uniform Retail Credit Classification and Account Management Policy, 65 FR 36903 (June 12, 2000).

19. Charge-off means that the credit card receivable is no longer carried on a bank's books as an asset.

20. According to the statement issued by U.S. Bank with a closing date of August 31, 2010, U.S. Bank charged off the alleged debt on August 31, 2010 in the amount of $4,912.06. C*opy of August statement filed as Exhibit 2 to this Complaint.*

21. On information and belief, U.S. Bank, from which Defendant Portfolio allegedly purchased the debt, did not charge interest after charge-off and actually credited a reversal of late fees, other fees and interest. *See Ex.2.*

22. The following monthly statement from U.S. Bank, with a closing date of September 30, 2010 (which upon information and belief was the last statement issued) showed a balance of $4,912.06. C*opy of September statement filed as Exhibit 3 to this Complaint.*

23. On information and belief, it is the policy and practice of Defendant Portfolio to add interest and/ or fees to debts for the period prior to the date on which it claims to have purchased them, even if the original creditor of the debt did not add interest during that period.

24. On information and belief, U.S. Bank intentionally did not charge interest or fees after charge-off of the debt Defendant Portfolio allegedly purchased.

25. On information and belief, the standard form credit card agreements used by U.S. Bank provides that it may change the terms of the agreement from time to time, and that changes beneficial to the consumer such as a reduction in or waiver of interest may be effected immediately and without notice.

26. On information and belief, as a standard practice, and for a variety of sound business reasons, U.S. Bank waives interest and/or fees on credit card debts after charge-off for as long as it holds the debt.

27. On information and belief, U.S. Bank, which in accordance with standard business

practices, waived interest and/or fees on Plaintiff's credit card debt, after charge-off.

28. If U.S. Bank waived the right to add interest and/or fees post-charge-off, Defendant Portfolio acquired the debt (if at all) subject to that waiver.

29. On information and belief, the amount of the debt Defendant Portfolio allegedly purchased from U.S. Bank did not include post-charge off interest.

30. On information and belief, Defendant Portfolio paid a price for the alleged debt it allegedly purchased based on the balance stated by U.S. Bank.

31. On information and belief, it is Defendant Portfolio's standard practice, after paying a price based on an amount that does not include post-charge off interest and/or fees, to seek collection of post-charge off, pre-acquisition interest and/or fees not charged by the original creditor.

32. Defendant Portfolio was not entitled to collect any interest or fees U.S. Bank did not actually charge during the time when U.S. Bank owned the debt.

33. By adding interest and/or fees to the amount of alleged debt allegedly purchased from U.S. Bank that had not been added by U.S. Bank after charge-off, Defendants violated 15 U.S.C. §§1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f, and 1692f(1).

34. Further, Defendant Portfolio engaged in a false and deceptive collection practice (contrary to 15 U.S.C. §1692e) and an unfair debt collection practice (contrary to 15 U.S.C. §1692f), for adding unauthorized interest and/or fees to the alleged debt of Plaintiff.

*October 4, 2013 Experian Credit Report*

35. Experian is a consumer credit reporting agency as defined in 15 U.S.C. § 1681a(f), and regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing credit reports to third parties.

36. Plaintiff obtained a copy of his Experian credit report dated October 4, 2013, which showed that Defendant Portfolio was communicating information to Experian that Plaintiff owed the alleged debt. *Copy of credit report screen shot printed December 11, 2013 filed as Exhibit 4.*

37. Defendant Portfolio has been communicating information regarding the debt to Experian since at least March 2012, with the amount reported as $5,806.00 most recently in October 2013. *Ex.4*.

38. The reporting of the alleged debt to Experian is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

39. By communicating to Experian that Plaintiff owed a different and greater amount than what the statements of U.S. Bank show, Defendant Portfolio violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(8), and 1692e(10).

*Failure To Include § 1692e(11) Language In Initial and Subsequent Communications*

40. The FDCPA states:

> "The failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11).

41. The FDCPA states: "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

42. The civil summons is not a formal pleading made in connection with a legal action.

43. Defendants Portfolio and/or Defendant McLemore failed to disclose in the civil summons that it was attempting to collect a debt and that any information obtained will be used for that purpose, in violation of 15 U.S.C. § 1692e(11). *Ex.1 p.1.*

### *Failure to Send a Written Notice Containing the Amount of the Debt Within Five Days After the Initial Communication*

44. Within five days after the civil summons was served, Plaintiff had not paid the debt.

45. Within five days after the "initial communication" in connection with collection of the debt in the form of the civil summons, or alternatively, the sworn affidavit, both Portfolio and McLemore failed to send Plaintiff a written notice that:

> (a) contained a statement that unless Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (b) contained a statement that if Plaintiff notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or judgment will be mailed to Plaintiff by the debt collector, or;
>
> (c) contained a statement that, upon Plaintiff's written request within the thirty-day period, the debt collector will provide Plaintiff with the name and address of the original creditor, if different from the current creditor,

in violation of 15 U.S.C. §§ 1692g(a)(3) – (5).

### *Summary*

46. The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

*Respondeat Superior Liability*

47. In addition to their individual liability under the FDCPA, the acts and omissions of Defendant McLemore as agent for Defendant Portfolio and who communicated with Plaintiff as further described herein, were committed within the time and space limits of its agency relationship with its principal, Defendants Portfolio.

48. The acts and omissions by Defendant McLemore were incidental to, or of the same general nature as, the responsibilities they were authorized to perform by Defendant Portfolio in collecting consumer debts.

49. By committing these acts and omissions against Plaintiff, Defendant McLemore was motivated to benefit its principal, Defendant Portfolio.

50. Defendant Portfolio is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Portfolio including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

51. Plaintiff is entitled to and hereby respectfully demands a trial by jury. ***U.S. Const. amend. 7; Fed.R.Civ.P. 38.***

## CAUSES OF ACTION

### COUNTS I-IX.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5),**

**1692e(8), 1692e(10), 1692f, 1692f(1), and 1692i(a)(2)**

52. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

53. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

54. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNTS I-IX.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5),**

**1692e(8), 1692e(10), 1692f, 1692f(1), and 1692i(a)(2)**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

03/05/14                                  Respectfully submitted,

                                          **KELLY ABSHER**


                                          /s/ Brent S. Snyder
                                          Brent S. Snyder, Esq., BPR # 21700
                                          Attorney for Plaintiff
                                          2125 Middlebrook Pike
                                          Knoxville, TN 37921
                                          (865) 546-2141
                                          Brentsnyder77@gmail.com